J.S. et al v. Blue Mountain School District et al                                                                          Doc. 2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILL SNYDER, a minor, by and through her parents, TERRY SNYDER and STEVEN SNYDER, individually and on behalf of their daughter,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE MOUNTAIN SCHOOL DISTRICT; DR. JOYCE E. ROMBERGER, Superintendent Blue Mountain School District; and JAMES S. MCGONIGLE, Principal Blue Mountain Middle School, both in their official and individual capacities,<br><br>Defendants.<br>_____ | No: 07-CV-_____<br><br><br><br><br><br>**ELECTRONICALLY FILED** |

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

1.  Plaintiffs hereby move, pursuant to Fed. R. Civ. P. 65, for entry of a

    Temporary Restraining Order and Preliminary Injunction to enjoin

    Defendants from any continuing punishment or sanction against Jill Snyder

Dockets.Justia.com

on account of her constitutionally protected speech, and from interfering with her education by prohibiting Jill from attending her regular classes.

2. Defendants, Blue Mountain School District and its officials, have imposed a ten-day suspension upon Jill Snyder for posting on the Internet, from her home computer, a non-threatening, non-obscene parody profile making fun of the school principal. Ten days is the longest that a school may exclude a student from class without going through the procedures required for expulsion.

3. This First Amendment free-speech case presents two issues: (1) whether the First Amendment permits a school district to exclude a student from classes for non-obscene and non-threatening speech posted on the Internet from her home computer; and (2) whether the Fourteenth Amendment and Pennsylvania law permit a school district to discipline a student for out-of-school conduct that does not cause a disruption of classes or school administration.

4. Plaintiffs incorporate by reference the facts alleged in the <u>Verified Complaint</u>.

5. Plaintiffs also incorporate herein by reference the legal arguments contained in the <u>Memorandum in Support of Motion for Temporary Restraining Order</u>

and Preliminary Injunction. Plaintiffs have satisfied the four-part test for granting a temporary restraining order and a preliminary injunction.

6. As is more fully set forth in the accompanying legal memorandum, Plaintiffs are likely to prevail on the merits of their claims First Amendment free-speech claim.

7. As is more fully set forth in the accompanying legal memorandum, Plaintiffs are likely to prevail on the merits of the Fourteenth Amendment and state law claims regarding the limitations on the Defendants' authority to punish out-of-school conduct.

8. Plaintiffs will suffer irreparable harm unless the requested injunctive relief is granted.

9. Since the Defendants are a governmental unit and its officials, they have no legally-cognizable interest in suppressing constitutionally-protected free speech.

10. Defendants also have no legally cognizable interest in exceeding their authority to discipline student conduct, nor in intruding upon the Snyders' parental authority.

11. Granting Plaintiffs the requested preliminary relief will not result in any foreseeable, serious harm to Defendants or the public.

12. Plaintiffs, through undersigned counsel, gave notice to Defendants' lawyer this morning about the filing of this action and the presentment of this TRO application.

13. Plaintiffs have made numerous efforts to avoid court action. The day after Jill was suspended, Ms. Snyder contacted Superintendent Romberger to seek a reduction in the punishment, but her request was denied. Plaintiffs' undersigned counsel then attempted to obtain a postponement of Jill's suspension without litigation so that the parties could investigate a cooperative resolution by contacting Defendants' counsel. On Saturday, March 24, however, Defendants' counsel stated that the District would not postpone the suspension. Also on Saturday, March 24, Plaintiffs received a Disciplinary Notice from the school which stated that there would be an "informal hearing" regarding the suspension on Wednesday, March 28. Plaintiffs therefore delayed the filing of suit—originally planned for Monday, March 26 – in hopes that the hearing would provide another opportunity to reach a resolution without litigation. But on Tuesday, March 27, Defendants' counsel called Plaintiffs' counsel and stated that there would be no hearing regarding the suspension on March 28, but only a meeting to discuss whether Jill was receiving her work and able to prepare for her return to school after

the suspension. He stated unequivocally that the District would not reconsider the suspension at the March 28 meeting.

14. Plaintiffs made one more attempt to avoid litigation by conferring with counsel for Defendants this morning prior to filing the complaint and this motion. After receiving a copy of Plaintiffs' draft complaint and memorandum, Mr. Nickels announced that he would no longer be handling the case, and that it would be handled, instead, by Mr. Katz of Sweet, Stevens, Katz & Williams LLP. Plaintiffs' counsel immediately contacted Mr. Katz, who stated that the Defendants would not even postpone Jill's suspension to give the parties time to negotiate.

15. Given the legally-presumed irreparable harm to First Amendment free speech rights which is at stake in this case, as well as the other harms, Plaintiffs request that this Court hold an immediate hearing and issue a temporary restraining order enjoining the Defendants from continuing to interfere in Jill Snyder's education.

16. This being a non-commercial case involving a relatively small amount of money, and the balance of hardships favoring the Plaintiffs, the Fed. R. Civ. P. 65(c) security bond requirement should be waived. *Elliot v. Kiesewetter*,

98 F.3d 47, 59-60 (3d Cir. 1996); *Temple University v. White*, 941 F.2d 201, 219-20 (3d Cir. 1991).

WHEREFORE, Plaintiffs respectfully request that this Court enter a Temporary Restraining Order and Preliminary Injunction to enjoin Defendants from any continuing punishment or sanction against Jill Snyder on account of her constitutionally protected speech, and from interfering with her education and hr parents' authority over her out of school conduct, by immediately returning Jill to her regular classes. Plaintiffs further request that the Court schedule a Preliminary Injunction hearing for the earliest available opportunity, but before the expiration of the TRO.

Respectfully submitted,

Date: March 28, 2007.   */s/ Mary Catherine Roper*
Mary Catherine Roper
Attorney ID 71107
AMERICAN CIVIL LIBERTIES FOUNDATION
OF PENNSYLVANIA
P.O. Box 40008
Philadelphia, PA 19106
(T) 215.592.1513 ext. 116
(F) 215.592-1343
mroper@aclupa.org

Deborah Gordon
Attorney No. 95071

EDUCATION LAW CENTER-PA
1315 Walnut St., Suite 400
Philadelphia, PA 19107
(T) (215) 238-6970, ext. 313
(F) (215) 772-3125
[dgordon@elc-pa.org](mailto:dgordon@elc-pa.org)

Attorneys for Plaintiffs

Certificate of Compliance With LR 7.1

On March 28, 2007, the undersigned spoke with Ellis Katz, counsel for Defendants, to request his concurrence in this motion, which he denied.

/s/ Mary Catherine Roper
MARY CATHERINE ROPER

# **CERTIFICATE OF SERVICE**

I, Mary Catherine Roper, hereby certify that on this 28th day of March, 2007, I faxed a copy of the foregoing <u>Motion for Temporary Restraining Order and/or Preliminary Injunction</u>, along with the <u>Memorandum</u> in support thereof and the <u>Verified Complaint</u>, to counsel for Defendants:

>Ellis Katz, Esq.
>Sweet, Stevens, Katz & Williams LLP
>331 E. Butler Ave.
>New Britain, PA 18901
>Phone: (215) 345-9111
>Fax: (215) 348-1147


>*/s/ Mary Catherine Roper*
>Mary Catherine Roper