# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J.S., a minor, by and through her parents, TERRY SNYDER and STEVEN SNYDER, individually and on behalf of their daughter,<br>**Plaintiffs**<br>v.<br>BLUE MOUNTAIN SCHOOL DISTRICT; DR. JOYCE E. ROMBERGER, Superintendent Blue Mountain School District; and JAMES S. MCGONIGLE, Principal Blue Mountain Middle School, both in their official and individual capacities,<br>**Defendants** | No. 3:07cv585<br><br>(Judge Munley) |

## **MEMORANDUM**

Before the court for disposition is the plaintiffs' motion for temporary restraining order and preliminary injunction in this case asserting a middle school student's right to freedom of speech. A hearing on this matter was held on March 29, 2007, and it is ripe for disposition.[1]

**Background**

Plaintiff J.S. is a fourteen-year-old eighth grade student at Blue Mountain Middle School located in Orwigsburg, Pennsylvania. (Compl. ¶ 3). Defendant James S. McGonigle is the principal of the middle school. (Compl. ¶ 7).

On or about March 18, 2007, Plaintiff J.S. and a fellow student created a profile for Defendant McGonigle on a website called "MySpace.com." (Compl. ¶ 14). MySpace is a popular website among young people where they can create profiles for themselves and share, *inter alia,* photos, journals and interests. (Id.). In the profile they created

---

[1] This memorandum memorializes the verbal denial of the order at the end of the hearing.

for Defendant McGonigle, the students indicated that he is a married, bisexual man whose interests include "fucking in [his] office" and "hitting on" students and their parents." (Pl. Ex. 3). It also indicates that he is a "sex addict" who loves children and any kind of sex. (Id.). The profile also makes disparaging comments regarding McGonigle's wife and children.[2] The profile contained Defendant McGonigle's photograph, which the students copied off of the school district's website. (Compl. ¶ 16). The profile was located at URL www.MySpace.com/kidsrockmybed. (Comp. ¶ 21 & Pl. Ex. 3).

    Word of the fake profile spread, and students at the school eventually told McGonigle about it. After a brief investigation, McGonigle determined that Plaintiff J.S. and another student were responsible for the profile. As he found the content of the profile very upsetting, the principal suspended Plaintiff J.S. from school for ten (10) days.[3]

    Plaintiffs then instituted the instant case. They assert that the First Amendment precludes the school district from excluding a student from classes for two weeks for the profile which is non-threatening, non-obscene and a parody. They claim that the Constitution prohibits the school district from disciplining a student's out-of-school conduct that does not cause a disruption of classes or school administration. They further allege that the defendants' actions violate Plaintiff Terry and Steven Snyder's rights as parents to determine how best to raise, nurture,

---

[2]There is no indication in the complaint, and no testimony at the hearing, that the students believed this information to be true.

[3]The record is not clear as to what punishment, if any, the other student received.

2

discipline and educate their children in violation of their rights under the Fourteenth Amendment to the United States Constitution. The plaintiffs bring suit pursuant to the Civil Rights Statute of 1964, 42 U.S.C. § 1983. Upon filing the complaint plaintiffs also filed the instant motion for temporary restraining order and preliminary injunction.

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 1983 for constitutional violations we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Discussion**

The Third Circuit Court of Appeals has outlined four factors that a court ruling on a motion for a preliminary injunction must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Crissman v. Dover Downs Entertainment Inc., 239 F.3d 357, 364 (3d Cir.2001). These same factors are used to determine a motion for a temporary restraining order. Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D.Pa.1994).

An injunction is "an extraordinary remedy, which should be granted only in limited circumstances." Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck, 290 F.3d 578, 586 (3d Cir. 2002). The injunction should issue only if the plaintiff produces evidence sufficient to convince the district court that all four factors favor preliminary relief. Duraco

Products, Inc. v. Joy Plastic Enterprises, Ltd., 40 F.3d 1431, 1438 (3d Cir. 1994). We will address each injunction factor separately.

1. Likelihood of success on the merits:

Plaintiffs brings this claim under the First Amendment asserting that she was improperly punished for out of school conduct/speech.

The Defendant may regulate this speech if it substantially disrupts school operations or interferes with the rights of others. Saxe v. State College Area Sch. Dist., 240 F.3d 200, 214 (3d Cir. 2001) citing Tinker v. Des Moines Indep. Cmty Sch. Dist., 393 U.S. 503, 507 (1969).

In making our decision on the temporary restraining order, we bear in mind that the federal courts do not sit as a super-school board. It is not our task to micromanage the school's disciplinary procedures. The Supreme Court "has repeatedly emphasized the need for affirming the comprehensive authority of the States and of school officials, consistent with fundamental constitutional safeguards, to prescribe and control conduct in the schools." Tinker v. Des Moines Indep. Cmty. Sch. Dist., 393 U.S. 503, 507(1969).

The plaintiffs have not established a likelihood of success on the merits. Questions exist as to the extent that the internet posting disrupted school operations. Testimony at the hearing indicated that at least some disruption occurred in that the principal had to take time to investigate the issue, and had to take a guidance counselor away from her duties to sit in on meetings with the plaintiffs.

The defendants argue that the punishment is constitutional as the speech at issue was injurious to the rights of others, in particular the principal. His reputation and employment could have been affected by the

profile.

Moreover, issues are present as to whether the speech at issue is protected under the First Amendment. Defendants assert that the speech is defamatory and not protected. Plaintiffs on the other hand assert that it is acceptable parody.

A period of discovery may help to develop these issues. As the issues stand presently, however, we cannot find that the plaintiff has established a likelihood of success on the merits.

2. Irreparable harm:

The next factor to consider is whether plaintiffs will suffer an irreparable injury if a temporary restraining order is not issued. Crissman v. Dover Downs Entertainment Inc., 239 F.3d 357, 364 (3d Cir.2001). According to the United States Supreme Court "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Elrod v. Burns, 427 U.S. 347, 373 (1976). At this point, however, we cannot conclude that a constitutional violation has occurred. Additionally, the plaintiffs speech has ended, and it is merely her punishment that she challenges now. While the suspension is certainly a burden on the plaintiff, it is only for ten days. She has already served six days of this suspension, and the school district indicates that all her school work is being sent home to her. If we ultimately find that her punishment was unconstitutional, we can order her school record expunged. Accordingly, we find that plaintiffs have not demonstrated irreparable harm will occur if the temporary restraining order does not issue.

3.  Will granting the preliminary relief result in even greater harm to defendants?

The third factor for us to examine is whether granting preliminary relief will result in greater harm to the defendants.  Crissman v. Dover Downs Entertainment Inc., 239 F.3d 357, 364 (3d Cir.2001).  We find that this factor is neutral.   Granting preliminary relief would not likely harm the defendant.

4.  Does public interest favor the issuance of a temporary restraining order?

The final factor to consider is whether the public interest favors the issuance of preliminary relief.  Crissman v. Dover Downs Entertainment Inc., 239 F.3d 357, 364 (3d Cir.2001).   If we found that the plaintiff had a likelihood of success on the merits, public interest would favor the issuance of preliminary relief.   We find, however, that at this juncture, it is in the public interest to allow the school the ability to discipline its students.

For the aforementioned reasons, we find that the plaintiffs' motion for temporary restraining order and preliminary injunction should be denied. See Layshock v. Hermitage Sch. Dist., 412 F. Supp. 2d 502 (W.D. Pa. 2006) (denying a temporary restraining order on similar facts).

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **J.S., a minor, by and through her parents, TERRY SNYDER and STEVEN SNYDER, individually and on behalf of their daughter,** : <br> **Plaintiffs** : <br> v. : <br> **BLUE MOUNTAIN SCHOOL DISTRICT; DR. JOYCE E. ROMBERGER, Superintendent Blue Mountain School District; and JAMES S. MCGONIGLE, Principal Blue Mountain Middle School, both in their official and individual capacities,** : <br> **Defendants** : | **No. 3:07cv585** <br><br> **(Judge Munley)** |

## ORDER

**AND NOW**, to wit, this 29th day of March 2007, the plaintiffs' motion for temporary restraining order and preliminary injunction (Doc. 2) is hereby **DENIED**.

                                    **BY THE COURT:**

                                    **s/ James M. Munley**
                                    **JUDGE JAMES M. MUNLEY
United States District Court**