## IN THE UNITED STATES COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **J.S., a minor, by and through her parents, TERRY SNYDER and STEVEN SNYDER, individually and on behalf of their daughter,** : : : : | **CIVIL ACTION NO. 07-CV-585** |
| : | **JUDGE: JAMES M. MUNLEY** |
| **Plaintiffs,** : : : | |
| **v.** : : | **ELECTRONICALLY FILED** |
| **BLUE MOUNTAIN SCHOOL DISTRICT; DR. JOYCE E. ROMBERGER, Superintendent Blue Mountain School District; and JAMES S. MCGONIGLE, Principal Blue Mountain Middle School, both in their official and individual capacities,** | |
| **Defendants.** | |

### DEFENDANTS, BLUE MOUNTAIN SCHOOL DISTRICT, DR. JOYCE E. ROMBERGER AND JAMES S. MCGONIGLE'S ANSWER TO PLAINTIFFS' <u>COMPLAINT WITH AFFIRMATIVE DEFENSES</u>

**AND NOW**, come the Defendants, Blue Mountain School District (hereinafter referred to as "District"), Joyce E. Romberger and James S. McGonigle (hereinafter collectively with District referred to as "Defendants"), by and through their attorneys, Sweet, Stevens, Katz & Williams LLP, to present the following Answer with Affirmative Defenses to the Plaintiffs' Complaint:

1. Admitted in part, denied in part. It is admitted that Plaintiffs assert that this case raises 1st Amendment free speech issues. It is admitted that Plaintiffs, Terry Snyder and Steven Snyder, parents of J.S. seek damages and an injunction. The remainder of this paragraph is denied.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted in part, denied in part. It is admitted that J.S. attends Blue Mountain School District. The remainder of this paragraph is denied.

10. Admitted.

11. Admitted in part, denied in part. It is admitted that in 2006 J.S. was subject to school discipline for the first time while a student at Blue Mountain School District. It is denied that Defendant, McGonigle yelled anything at J.S. or made the statement as alleged. After reasonable investigation, the Defendants are unable to determine whether J.S. had worn the subject item of clothing. The remainder of this paragraph is denied.

12. Denied. By way of further answer, it is denied that Defendant McGonigle overreacted or treated J.S. inappropriately. Defendants have no knowledge or information as to the remainder of the allegations in this paragraph.

13. Denied. The Defendants have no knowledge or information regarding this paragraph.

14. Admitted in part, denied in part. It is admitted that Plaintiffs created a profile of Defendant McGonigle on a website called "Myspace.com" (www.myspace.com). The remainder of this paragraph is denied.

15. Denied. The Defendants have no knowledge or information regarding this paragraph.

16. Admitted in part, denied in part. It is admitted that the profile did not identify Defendant McGonigle by name. It is also admitted that it did include a picture of Mr. McGonigle. The remainder of this paragraph is denied.

17. Denied.

18. Admitted in part, denied in part. It is admitted that news of the profile had gotten around to many more students. The remainder of this paragraph is denied.

19. Denied. The Defendants have no knowledge or information regarding this paragraph.

20. Denied. The Defendants have no knowledge or information regarding this paragraph except that it is specifically denied that Plaintiffs attempted to obtain a copy of the profile from the Defendants and they have been unsuccessful. By way of further answer at a meeting between Mrs. Snyder and Mr. McGonigle, a copy was offered to Mrs. Snyder, which she refused.

21. Admitted.

22. Denied.

23. Denied.

24. Denied, that the Defendants placed a warning on the website on March 29, the same day of the minor's hearing.

25. Denied. The Defendants have no knowledge or information regarding this paragraph.

26. Denied.

27. Denied. The Defendants have no knowledge or information regarding this paragraph.

28. Admitted in part, denied in part. It is admitted that school computers are accessible to students but do block access to www.myspace.com. The remainder of this paragraph is denied.

29. Admitted. J.S. did tell some of her friends about the profile however, it is denied there was no disruption of classes, as the discussion among students in class required the exercise of control and created an interruption of process requiring teachers to address the situation for the purpose of maintaining discipline in their classes and during lunch periods and in the halls of the schools which discussion is not a matter for student's education, various professional employees of the district were required to shift their duties in order to react to the situation and the duties of Defendant McGonigle, as principal of the Blue Mountain included his responsibilities of the sole arbiter of school discipline which was interrupted for purposes of investigation and meetings regarding the profile.

30. Admitted.

31. Admitted in part, denied in part. It is admitted that Defendant McGonigle questioned J.S. about the profile. It is also admitted that J.S.'s friend was summoned to the meeting. It is denied that the profile is a parody. It is also denied that J.S. immediately admitted she had helped create the profile.

32. Denied.

33. Denied.

34. Admitted in part, denied in part. It is admitted that Defendant McGonigle asked Mrs. Snyder if she had any questions. It is also admitted that J.S. prepared a written apology to Defendant McGonigle which was delivered on March 26. The remainder of this paragraph is denied.

35. Admitted.

36. Admitted.

37. Denied in part, admitted in part. It is denied that neither the notice or the letter identified any school rule J.S. was supposed to have broke. The remainder of this paragraph is admitted.

38. Admitted.

39. Admitted.

40. Admitted.

41. Admitted.

42. Admitted.

43. Denied.

44. Denied. The Defendants have no knowledge or information regarding this paragraph.

45. Admitted.

46. Denied, that Defendants' sanctions against J.S. have resulted in any consequences-profound or insignificant. By way of further answer, the Plaintiffs' Motion for Temporary Restraining Order for such suspension has been denied and during the period of such suspension all educational assignments have been provided to J.S. and upon her return she has had the opportunity provided to make up any educational opportunities provided.

47. Denied. By way of further answer, for purposes of control and discipline, teachers in the Blue Mountain Middle School were advised J.S. had been suspended for a set period of time with no information for the cause for such suspension. The Defendants have no knowledge or information regarding the remainder of the allegations in this paragraph.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Admitted.

57. Denied.

58. Denied.

59. Denied.

## AFFIRMATIVE DEFENSES

AND NOW, come the Defendants, by and through their attorneys, Sweet, Stevens, Katz & Williams LLP, to present the following Affirmative Defenses to Plaintiffs' Complaint:

### FIRST AFFIRMATIVE DEFENSE

Failure to state a cause of action upon which relief can be granted with regards to each of the claims made.

### SECOND AFFIRMATIVE DEFENSE

Defendants Romberger and McGongile are entitled to qualified immunity.

### THIRD AFFIRMATIVE DEFENSE

There is no policy, practice or custom regarding this issue.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' statements are defamatory.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's suspension is not an adjudication and is therefore not subject to challenge under state law.

**RESERVATION OF DEFENSES**

Defendants shall rely upon such further affirmative defenses which may become apparent during the course of discovery and therefore, specifically reserve the right to assert the same.

**WHEREFORE,** Defendants respectfully request that this Court and deny Plaintiffs' Complaint in its entirety.

Respectfully submitted,

Sweet, Stevens, Katz & Williams LLP

Date: <u>April 23, 2007</u>  By: <u>/s/ Ellis H. Katz</u>
Ellis H. Katz, Esquire, PA#34845
331 Butler Avenue
Post Office Box 5069
New Britain, Pennsylvania 18901
Telephone: (215) 345-9111
Facsimile: (215) 348-1147

Attorney for Defendants,
Blue Mountain School District,
Dr. Joyce E. Romberger and
Mr. James S. McGonigle

# IN THE UNITED STATES COURT FOR
# THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **J.S., a minor, by and through her parents, TERRY SNYDER and STEVEN SNYDER, individually and on behalf of their daughter,** | : : : : : | **CIVIL ACTION NO. 07-CV-585** |
| | : | **JUDGE: JAMES M. MUNLEY** |
| **Plaintiffs,** | : : | |
| v. | : : | **ELECTRONICALLY FILED** |
| **BLUE MOUNTAIN SCHOOL DISTRICT; DR. JOYCE E. ROMBERGER, Superintendent Blue Mountain School District; and JAMES S. MCGONIGLE, Principal Blue Mountain Middle School, both in their official and individual capacities,** | : | |
| **Defendants.** | | |

## CERTIFICATE OF SERVICE

I, Ellis H. Katz, Esquire, counsel for Defendants Blue Mountain School District, Dr. Joyce E. Romberger and James S. McGonigle, hereby certify that a true and correct copy of the foregoing Answer with Affirmative Defenses to Plaintiffs' Complaint is available through the Court's ECF filing system and was served upon the following counsel by U.S. First Class Mail, as indicated:

MaryCatherine Roper
Staff Attorney
American Civil Liberties Union of PA
P.O. Box 40008
Philadelphia, Pennsylvania 19106

Sweet, Stevens, Katz & Williams LLP

| | |
|---|---|
| Date: <u>April 23, 2007</u> | By: <u>/s/ Ellis H. Katz</u><br>Ellis H. Katz, Esquire, PA#34845<br>331 Butler Avenue<br>Post Office Box 5069<br>New Britain, Pennsylvania 18901<br>Telephone: (215) 345-9111<br>Facsimile: (215) 348-1147<br><br>Attorney for Defendants,<br>Blue Mountain School District,<br>Dr. Joyce E. Romberger and<br>Mr. James S. McGonigle |