Attorneys for Plaintiff:
**AMERICAN CIVIL LIBERTIES FOUNDATION OF PENNSYLVANIA**
Mary Catherine Roper
P.O. Box 40008
Philadelphia, PA 19106
215.592.1513 ext. 116

Attorneys for Defendants:
**SWEET, STEVENS, KATZ & WILLIAMS, LLP**
Ellis H. Katz
Jonathan Riba
P.O. Box 5069
331 Butler Ave
New Britain, PA 18901
215-345-9111

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J.S., a minor, by and through her parents, TERRY SNYDER and STEVEN SNYDER, individually and on behalf of their daughter, | No: 3:07-cv-585 |
| Plaintiffs, | |
| v. | **ELECTRONICALLY FILED** |
| BLUE MOUNTAIN SCHOOL DISTRICT; DR. JOYCE E. ROMBERGER, Superintendent Blue Mountain School District; and JAMES S. MCGONIGLE, Principal Blue Mountain Middle School, both in their official and individual capacities, | **JOINT CASE MANAGEMENT PLAN** |
| Defendants. | |

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

**1.0  Principal Issues**

Separately and for each party, please give a statement summarizing this case:

<u>By Plaintiff:</u>

This Section 1983 civil rights action arises from the suspension of J.S., a minor, from Blue Mountain Middle School on March 22, 2007.  J.S. , working at home with a friend, created a parody profile of Defendant McGonigle on MySpace.com.  MySpace is a private on-line community where computer users can share photos, journals and interests with other people on the Internet.  The web site has become especially popular among young people.   The profile did not identify Defendant McGonigle by name.  It did, however, include a picture of Defendant McGonigle, which the other student had copied off the Blue Mountain School District website.   The profile was intended to be an insulting parody of Defendant McGonigle, and would be perceived as such by any reasonable person.  J.S. and her parents assert claims under the First Amendment (that a school district may not punish a student for posting on the Internet, from her home computer, a non-threatening, non-obscene parody profile making fun of the school principal) and under the Fourteenth Amendment and Pennsylvania law (that a school district may not discipline a student for out-of-school conduct that does not cause a disruption of classes or school administration).  The Court denied Plaintiffs' motion for preliminary relief to reinstate J.S. to her classes.  Plaintiffs now seek declaratory relief, injunctive relief (to clear J.S.'s record), damages, costs and attorney fees.

<u>By Defendants:</u>

This Section 1983 civil rights action arises from the suspension of J.S., a minor, from Blue Mountain Middle School on March 22, 2007.

J.S., working at home with a friend, created a profile of Defendant McGonigle on Myspace.com. Myspace is an on-line community where computer users can share photos, journals and interests with other people on the Internet. The website has become especially popular among young people. The profile did not identify Defendant McGonigle by name. It did, however, include a picture of Defendant McGonigle, which the other student had copied off the Blue Mountain School District website, and it also included a number of defamatory and vulgar statements about the Principal. J.S. and her parents assert claims under the First Amendment (that a school district may not punish a student for posting on the Internet, from her home computer, a non-threatening, non-obscene parody profile making fun of the school principal) and under the Fourteenth Amendment and Pennsylvania law (that a school district may not discipline a student for out-of-school conduct that does not cause a disruption of classes or school administration). The Court denied Plaintiffs' motion for preliminary relief to reinstate J.S. to her classes. Plaintiffs now seek declaratory relief, injunctive relief (to clear J.S.'s record), damages, costs and attorney fees.

**1.10 The principal *factual* issues that the parties *dispute* are:**

    1.11  Whether the MySpace page caused a substantial and material disruption at Blue Mountain Middle School.

    1.12  Whether the suspension of J.S. was motivated by any reason other than the Defendants' objection to the content of the MySpace page.

    1.13  Whether J.S. believed that the derogatory statements about Defendant McGonigle were true.

    1.14  Whether J.S. intended for anyone to take the derogatory statements about Defendant McGonigle as true statements.

**1.20 The principal factual issues that the parties *agree* upon are:**

1.21 On or about Sunday, March 18, 2007, J.S. and a fellow eighth grader, working from their respective homes, created a profile of Defendant McGonigle on a website called MySpace.com (www.myspace.com). .

1.22 J.S. did not distribute the MySpace page at school.

1.23 No student had access to the MySpace page from school.

**1.30 The principal *legal* issues that the parties *dispute* are:**

1.31 Whether the content of the MySpace page is parody protected under the First Amendment.

1.32 Whether Defendants' punishment of J.S. for conduct that occurred while she was not under school supervision exceeded the Defendants' disciplinary authority under Pennsylvania law.

1.33 Whether Defendants' punishment of J.S. for conduct that occurred while she was not under school supervision infringed on her parents' Fourteenth Amendment right to direct the upbringing of their child.
.
1.34 Whether Defendants' punishment of J.S. for creating the MySpace page violated her First Amendment rights.
.
1.35 Whether the use of a photo from the Blue Mountain School District website as part of the MySpace parody was a violation of federal copyright laws.

.

**1.40 The principal legal issues that the parties *agree* upon are:**

    1.41   Jurisdiction is proper.

    1.42   Venue is proper.

    1.43   Defendants at all times acted under color of state law and pursuant to School District policy.

**1.50  Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:**
    None.

**1.60  Identify any named parties that have not yet been served:**
    None.

**1.70  Identify any additional parties that:**

    **Plaintiff intends to join:**
    None.

    **Defendants intends to join:**
    None.

**1.80  Identify any additional claims that:**

    **Plaintiff intends to add:**
    None.

    **Defendants intends to add:**
    None.

**2.0    Alternative Dispute Resolution ("ADR")**

**2.10  Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.**

      ADR procedure:  **None.**

**2.20  If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:**

**2.30  If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:**

    The parties agree that this case will turn, in large part, on disputed legal principles and will involve few major factual disputes.  Therefore, the dispute will, in all likelihood, be determined on cross motions for summary judgment.

**3.0    Consent to Jurisdiction by a Magistrate Judge**

**Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c), to have a magistrate judge handle all the remaining pretrial aspects of this case and preside over a jury or court trial, with appeal lying to the United States Court of Appeals for the Third Circuit:**

    All parties agree to jurisdiction by a magistrate judge of this court:  __yes _____  no _√_

**4.0　Disclosures**

**4.100 Separately for each party, list by *name and title/position* each person whose identity has been disclosed.**

  4.101 Disclosed by <u>Plaintiff per Rule 26</u>

    <u>Name</u>    <u>Title/Position</u>

  4.102  J.S.    Plaintiff
  4.103  Terry Snyder  Plaintiff
  4.104  Dr. Joyce E. Romberger, Superintendent Blue Mountain School District
  4.105  James S. McGonigle, Principal Blue Mountain Middle School

  4.106  Plaintiff reserves the right to supplement this list as discovery proceeds forward.

  4.151 Disclosed by <u>Defendants per Rule 26</u>

    <u>Name</u>    <u>Title/Position</u>

  4.152  James S. McGonigle, Principal Blue Mountain Middle School
  4.153  Dr. Joyce E. Romberger, Superintendent Blue Mountain School District
  4.154  Susan Snyder-Morgan, Employee Blue Mountain Middle School

  4.155 Defendants reserve the right to supplement this list as discovery proceeds forward.

**4.200** Separately for each party, describe by *categories* the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages:

    4.201 Categories of documents disclosed by Plaintiff:

    4.202    Disciplinary Notice

    4.203 Plaintiff reserves the right to supplement this list as discovery proceeds forward.

    4.251 Categories of documents disclosed by <u>Defendants</u>:

    4.252 All student records relating to Plaintiff

    4.253 Defendants reserve the right to supplement this list as discovery continues.

**4.300** *Additional Documents Disclosures:* **Separately for each party, describe each additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents:**

    4.301 Additional categories of documents Plaintiff will disclose:

    4.302 Plaintiff reserves the right to supplement this list as discovery proceeds forward.

    4.351 Additional categories of documents Defendants will disclose:

    4.352 Any relevant records relating to Plaintiff

    4.353 Defendants reserve the right to supplement this list as discovery proceeds forward.

**4.400 Separately for each party who claims an entitlement to damages or an offset, set forth the computation of the damages or of the offset:**

    4.401 Plaintiff's calculation of damages:

*To be determined at trial: nominal damages for violation of constitutional rights, compensation for humiliation, pain and suffering, and costs and attorney fees.*

    4.402 Defendants' calculation of offset:

Defendant has not yet determined whether an offset would be appropriate and therefore reserves the right to supplement a computation of an offset if that become necessary.

    4.403 Counter-claimant/third party claimant's calculation of damages: n/a

**5.0 Motions**

**Identify any motion(s) whose early resolution would *likely* have a significant effect either on the scope of discovery or other aspects of the litigation:**

| Nature of Motion | Moving Party | Anticipated Filing Date |
| --- | --- | --- |
| Summary judgment | Plaintiff | |
| | Defendants | September 10, 2007 or 20 days following completion of discovery. |

**6.0 Discovery**

**6.100 Briefly describe any discovery that has been completed or is in progress:**

By Plaintiff(s): none

By Defendant(s): none

16422.16432 Describe any *discovery* that all *parties agree* should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case."):

Plaintiff will depose Defendants and any school personnel identified by Defendants as having knowledge of the disruption allegedly caused by the MySpace posting.

Defendants will Depose plaintiffs.

**6.300 Describe any *discovery* that one or more parties want(s) to conduct but to *which another party objects,* indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:**

None.

**6.400 Identify any *subject area limitations on discovery* that one or more parties would like imposed, at the first stage of or throughout the litigation:**

None.

**6.500** For each of the following discovery tools, *recommend the per-party or per-side limitation* (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

6.501 Depositions (excluding experts) to be taken by:

Plaintiff: 10   Defendants: 10

6.502 Interrogatories to be served by:

Plaintiff: 25   Defendants: 25

6.503 Document production requests to be served by:

Plaintiff: 25   Defendants: 25

6.504 Requests for admission to be served by:

Plaintiff: 25   Defendants: 25

**6.600 All discovery commenced in time to be completed by:** August 21, 2007

**6.700 Reports from retained experts due:** None

**6.800 Supplementations due:** None

**7.0 Protective Order**

**7.1 If entry of a protective order is sought, attach to this statement a copy of the proposed order.**

None at the present time.

**7.2 If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:**

**8.0 Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority:

**For Plaintiffs:**

Mary Catherine Roper
American Civil Liberties Union of Pennsylvania
P.O. Box 40008
Philadelphia, PA 19106
v: 215.592.1513 ext. 116
f: 215.592.1343
mroper@aclupa.org

**For Defendants:**

Ellis H. Katz
Jonathan Riba
Sweet, Stevens, Katz & Williams, LLP
P.O. Box 5069
331 Butler Ave
New Britain, PA 18901
215-345-9111

And

Thomas J. Nickels
201 W. Market Street
Orwigsburg, PA 17961

And

Blue Mountain Board of School Directors


**9.0     Scheduling**

   **9.1    This case may be appropriate for trial in approximately:**

   <u>  X  </u>   12 months from the filing of this action in this court.
   <u>     </u> 240 Days from the filing of the complaint
   <u>     </u>365 Days from the filing of the complaint
   <u>  330 </u> Days from the filing of the complaint

   **9.2    Suggested Date for the Trial:**

   March, 2008

   **9.3    Suggested date for the final Pretrial Conference:**

   February, 2008

   **9.4    Final date for joining additional parties:     July 1, 2007**


   **9.5    Final date for amending pleadings:    July 1, 2007**


   **9.6    All potentially Dispositive motions should be filed by: September 10, 2007**

**10.0  Other Matters**

**Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.** None at this time.

**11.0  Identification of Lead Counsel**

**Identify by name, address, and telephone number lead counsel for each party:**

**For Plaintiff:**

Mary Catherine Roper
American Civil Liberties Foundation Of Pennsylvania
P.O. Box 40008
Philadelphia, PA 19106
215.592.1513 ext. 116
Attorneys For Plaintiff

**For Defendants:**

Ellis H. Katz
Jonathan Riba
Sweet, Stevens, Katz & Williams, LLP
P.O. Box 5069
331 Butler Ave
New Britain, PA 18901
215-345-9111

Respectfully submitted,

DATED: 5/4/2007.  */s/ Mary Catherine Roper*
Mary Catherine Roper

DATED: 5/4/2007.  */s/ Ellis H. Katz*
Ellis H. Katz