## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J.S., a minor, by and through her parents, ) <br> TERRY SNYDER and STEVEN SNYDER, ) <br> Individually and on behalf of their daughter, ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> v.   ) <br> BLUE MOUNTAIN SCHOOL DISTRICT; ) <br> DR. JOYCE E. ROMBERGER, ) <br> Superintendent Blue Mountain School ) <br> District; and JAMES S. MCGONIGLE, ) <br> Principal Blue Mountain School, both ) <br> in their official and individual capacities, ) <br>   ) <br> Defendants. ) <br> _____) | NO: 3:07-cv-585 <br><br><br> ELECTRONICALLY FILED |

### PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs J.S., a minor, and her parents, Terry Snyder and Steven Snyder, hereby move for summary judgment pursuant to Federal Rule of Civil Procedure 56 and in support thereof aver as follows:

1. Plaintiffs assert four counts in their Complaint. Summary judgment should be granted on all of these claims because discovery is closed and there are no material disputed issues of fact on the necessary elements of each of plaintiffs' claims.

2. Plaintiffs are entitled to summary judgment on their claim that Defendants' punishment of J.S. for her parody website profile of Principal

McGonigle violates her rights under the First Amendment to the United States Constitution as applied to the states through the Fourteenth Amendment. It is undisputed that the profile was created outside of school and was only brought into school at the request of Principal McGonigle (and so could not be punished as in-school profanity could have been). It is undisputed, as well, that no one viewed the profile as an assertion of fact about Mr. McGonigle, which means that it could not be disciplined as "defamatory" speech. And, finally, it is undisputed that the profile did not cause "substantial and material" disruption that would subject J.S. to discipline under the rule announced in *Tinker v. Des Moines Ind. Sch. Dist*, 393 U.S. 503, 509 (1969). In fact, according to Defendants and their witnesses, the profile caused a total of less than ten minutes disruption of classroom activity *when all incidents are combined.* Finally, the inclusion of a copy of Mr. McGonigle's photograph in the profile cannot support the suspension of J.S. because that action, as well, occurred off campus and, moreover, was perfectly legal.

3. The evidence demonstrates that the real reason that J.S. was punished was that school officials believed her speech to be offensive, demeaning and demoralizing. Government officials – including school officials – cannot punish speech for this reason.

4. Plaintiffs are also entitled to summary judgment on their claim that the Blue Mountain School District Policies are unconstitutionally vague and overbroad and should be declared unconstitutional because the undisputed evidence is that these policies are intended and used to discipline students for off-campus behavior that does not cause a substantial and materials disruption of the school day.

5. Plaintiffs are also entitled to summary judgment on their claims that Defendants exceeded their authority under state law and violated the Snyders' substantive due process rights when Defendants punished J.S. for conduct that took place in the Snyder family home and outside of the school and did not cause disruption of the school.

WHEREFORE, Plaintiffs J.S. and her parents, Terry Snyder and Steven Snyder, respectfully request that this Court enter an Order granting summary judgment in favor of Plaintiffs and against Defendants with respect to all claims set forth in the Complaint. In addition, Plaintiffs respectfully request that this Court enter an order:

1. Declaring that Defendants' disciplinary action against J.S. for posting on the Internet the parody profile of Defendant McGonigle

violated her rights under the First and Fourteenth Amendments to the Constitution;

2. Declaring that Defendants' disciplinary action against J.S. for posting on the Internet a parody profile of Defendant McGonigle, which was activity performed within the Snyder home, violated the Snyders' parental rights under the Fourteenth Amendment to the United States Constitution;

3. Declaring that Blue Mountain School District's policies that have been and may be used to punish speech which takes place at a student's home and off of school grounds and outside of school-sponsored events are excessively vague and overbroad, and thereby violate the First and Fourteenth Amendments to the Constitution of the United States and violate the Snyders' rights under the Fourteenth Amendment to the Constitution of the United States;

4. Declaring that Defendants' disciplinary action against J.S. for conduct that occurred off of school grounds exceeded the disciplinary authority granted the School District by Pennsylvania law and is therefore ultra vires and void;

5. Declaring that the Blue Mountain School District's policies that have been and may be used to punish speech which takes place at a

student's home and off of school grounds and outside of school-sponsored events exceed the disciplinary authority granted the School District by Pennsylvania law and are therefore ultra vires and void;

6. Ordering Defendants to expunge from J.S.'s school records all references to the posting of the profile and the resulting suspension; and

7. Enjoining Defendants from enforcing the school disciplinary code against students for expression that takes place outside of the school or school-sponsored activities.

Plaintiffs further respectfully request that the Court schedule a hearing date for their claims for damages.

Respectfully submitted,

Dated: November 21, 2007.

*/s/ Mary Catherine Roper*
Mary Catherine Roper (ID No. 71107)
AMERICAN CIVIL LIBERTIES
FOUNDATION OF PA
P.O. Box 40008
Philadelphia, PA 19106
(T) 215-592-1513 ext. 116
(F) 215-592-1343
mroper@aclupa.org

Mary E. Kohart (I.D. No. 37191)
Meredith W. Nissen (I.D. No. 93504)

DRINKER BIDDLE & REATH LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996
(215) 988-2700

Deborah Gordon (I.D. No. 95071)
EDUCATION LAW CENTER-PA
1315 Walnut St., Suite 400
Philadelphia, PA 19107
(T) (215) 238-6970, ext. 313
(F) (215) 772-3125
dgordon@elc-pa.org

Attorneys for Plaintiffs

<u>Certificate of Compliance With LR 7.1</u>

On November 19, 2007, the undersigned spoke with counsel for Defendants to request concurrence in this motion, which was denied.

                                                       */s/ Mary Catherine Roper*
                                                       Mary Catherine Roper

## **CERTIFICATION OF SERVICE**

I, Mary Catherine Roper , hereby certify that, on the date set forth below, I caused to be served by ECF a true and correct copy of Motion for Summary Judgment upon:

> Jonathan P. Riba, Esquire
> Sweet, Stevens, Tucker & Katz, LLP
> P.O. Box 5069
> 331 Butler Ave.
> New Britain, PA 18901

Dated: November 21, 2007.  */s/ Mary Catherine Roper*
Mary Catherine Roper