# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **J.S., et al.** : | **CIVIL ACTION NO.** |
| : | **07-CV-585** |
| **Plaintiffs,** : | |
| : | |
| v. : | **JUDGE:** |
| : | **JAMES M. MUNLEY** |
| **BLUE MOUNTAIN SCHOOL** : | |
| **DISTRICT;** : | |
| **DR. JOYCE E. ROMBERGER,** : | |
| **Superintendent Blue Mountain School** : | **ELECTRONICALLY FILED** |
| **District; and JAMES S.** : | |
| **MCGONIGLE, Principal Blue** : | |
| **Mountain Middle School, both in their** : | |
| **official and individual capacities,** : | |
| | |
| **Defendants.** | |

## DEFENDANTS' BRIEF IN REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs' Response to Defendants' Motion for Summary Judgment (Dkt. #50) is misguided both in terms of the legal principals it advances as well as how the particular facts of this case apply to the appropriate legal standard, specifically on the issue of whether the Defendants could justify the suspension of J.S. under Tinker. (Plaintiffs' Brief, pp. 7-10)

Plaintiffs mistakenly believe that language contained in two Third Circuit cases, Saxe v. State College Area School District, 240 F.3d 200 (3d Cir. 2001) and Sypniewski v. Warren Hills Regional Bd. of Educ., 307 F.3d 243 (3d Cir. 2002), demonstrate that judgment should be entered in their favor because the Defendants

cannot show a "well-founded expectation of disruption" or "past incidents arising out of similar conduct." (Plaintiffs' Brief, p. 9). The Defendants submit that the Tinker analysis articulated by the two Third Circuit cases Plaintiffs rely upon is no longer applicable given the United States Supreme Court's latest interpretation of Tinker in Morse v. Frederick, 127 S.Ct. 2618, 2625(2007)("Tinker held that student expression may not be suppressed <u>unless school officials reasonably conclude</u> that it will materially and substantially disrupt the work and discipline of the school.")(emphasis added). Accordingly, the question this Court must answer is not whether the Defendants had a "well founded expectation of disruption" or whether the Defendants had "past incidents arising out of similar conduct," but rather if the Defendants could "reasonably conclude" that the MySpace profile would disrupt the school.[1]

Contrary to Plaintiffs' assertions, the record is not "slim" as to the amount of disruption the profile did or could cause. (Plaintiffs' Brief, p. 9). Rather, the record makes it overwhelmingly clear that the Defendants acted reasonably in

---

[1] As the Third Circuit has yet to issue an opinion interpreting Tinker post Morse, Plaintiffs assertion that the respective holdings of the Second and Sixth Circuits are of no value in this Circuit defies logic. Rather, the cases of Wisniewski v. Board of Educ. of Weedsport Cent. School Dist., 494 F.3d 34 (2nd Cir. 2007) and Lowery v. Euverard, 497 F.3d 584 (6th Cir. 2007), which apply the "reasonably conclude" standard, are far more persuasive authority than the non-binding district court opinions Plaintiffs rely upon, some of which apply the outdated language articulated in Saxe and Sypniewski. However, to the extent that Saxe and Sypniewski may still be controlling law, the Defendants submit that the record still supports entry of summary judgment in their favor.

concluding that the defamatory profile invaded the rights of McGonigle and could further disrupt the work and discipline of the school if no action was taken. For example, it is uncontested that (1) the MySpace profile portrayed McGonigle, a school Principal, as a sexual pedophile and predator of young students (UMF 68); (2) the profile created an immediate "buzz" throughout the middle school as numerous people knew about it (UMF 27-32); (3) McGonigle was immediately approached by a student concerned about the contents of the profile (UMF 34); (4) a group of concerned students immediately approached teacher Angela Warner about the contents of the profile (UMF 82); (5) a group of students immediately disobeyed the instructions of teacher Nunemacher and continued to discuss the profile during class time (UMF 78); (6) McGonigle had to disrupt his normal schedule to conduct an investigation into the profile (UMF 39); (7) the middle school guidance counselors had to disrupt their respective schedules as a result of their profile (UMF 76); and (8) the profile and subsequent lawsuit caused McGonigle to experience health issues (UMF 77).

Equally important in considering whether the Defendants' actions were reasonable, and something the Plaintiffs want this Court to apparently ignore, are the possible continued effects the profile could have had on the school had no action been taken. Whether the profile was intended to be a parody or not, the fact of the matter is that McGonigle was falsely accused of "hitting on students and

their parents," "fucking in my office," "watching the playboy channel," "keeping an eye on students," and having "sex" with children (Ex. "B").[2] Given that the Defendants experienced actual and material disruptions <u>immediately</u> after the creation of the profile, to argue that such disruptions would all of a sudden cease or not cause <u>further</u> material disruptions without the school taking action strains all reason.[3]

The Plaintiffs are also mistaken in their argument that the District policies in question are unconstitutionally vague or overbroad. (Plaintiffs' Brief, pp. 10-13). The Plaintiffs made no attempt to contradict Defendants' argument that both District polices contain sufficient geographic limiting language. (Defendants' Brief, pp. 21-25). Accordingly, Plaintiffs' claim that the District policies are unconstitutional on their face is clearly without merit. Likewise, with regard to

---

[2] Defendants note that MySpace.com has just agreed with more than 45 states to add extensive measures to combat the sexual predators that use the website. www.foxnews.com/story/0,2933,322557,00.html. This is further evidence that Plaintiffs' argument that nobody would take this site seriously has no merit.

[3] See, <u>J.S. v. Bethlehem Area School District</u>, 569 Pa. 638, 673 (Pa. 2002)("Keeping in mind the unique nature of the school setting and the student's diminished rights therein, while there must be more than some mild distraction or curiosity created by the speech, [internal citation omitted] complete chaos is not required for a school district to punish student speech."). In <u>J.S.</u>, the court found that the school district produced sufficient evidence that the derogatory "off campus" website created by the student against his teacher and principal caused actual and substantial disruption to the work of the school. <u>Id</u>. at 673. Essential to the court's finding in that case was the fact that the "atmosphere of the entire school community" was effected. <u>Id</u>. at 674. The same situation is present in this case as Mr. Nunemacher testified that because of the profile, students thought McGonigle could not impose discipline on them (UMF 81).

4

how the policies were applied specifically to J.S., the record reflects that J.S. had knowledge of both policies prior to her actions and that the District was within their right to issue the punishment they did (UMF 45-53).[4]

Finally, with regard to Plaintiffs' *ultra vires* claim and the Snyder's parental right claim, the issue is very simple. As the actions of J.S. violated District policy and disturbed the educational mission of the District at the middle school, the Defendants were authorized by law to issue the punishment they did.

The Defendants submit that as a matter of law summary judgment should be entered in their favor.

Respectfully submitted,

SWEET, STEVENS, KATZ & WILLIAMS LLP

Date: January 17, 2008     By:  /s/ Jonathan P. Riba
                                Jonathan P. Riba, Esquire, PA 88095
                                331 Butler Avenue, P.O. Box 5069
                                New Britain, Pennsylvania 18901
                                Telephone: (215) 345-9111
                                Facsimile: (215) 348-1147
                                e-mail: jriba@sweetstevens.com

                                Attorney for Defendant,
                                Blue Mountain School District,
                                Dr. Joyce Romberger and James McGonigle

---

[4] Any "mistake in judgment" the Defendants may have made relates to the length of punishment, no "mistake in judgment" was made with regard to whether the Defendants were authorized to issue a punishment. (Plaintiffs' Brief, pp. 11-13)

# IN THE UNITED STATES COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| J.S., a minor, by and through her parents, TERRY SNYDER and STEVEN SNYDER, individually and on behalf of their daughter, | : : : : : | CIVIL ACTION NO. 07-CV-585 |
| Plaintiffs, | : : | JUDGE: J JAMES M. MUNLEY |
| v. | : : : | |
| BLUE MOUNTAIN SCHOOL DISTRICT; DR. JOYCE E. ROMBERGER, Superintendent Blue Mountain School District; and JAMES S. MCGONIGLE, Principal Blue Mountain Middle School, both in their official and individual capacities, | | ELECTRONICALLY FILED |
| Defendants. | | |

## CERTIFICATE OF SERVICE

I, Jonathan P. Riba, Esquire, counsel for Defendants Blue Mountain School District, Dr. Joyce Romberger and James McGonigle, hereby certify that a true and correct copy of the foregoing Brief in Reply to Plaintiffs' Response to Defendants' Motion for Summary Judgment is available through the Court's ECF filing system and was also served by U.S. First Class Mail this day upon:

| | |
|---|---|
| MaryCatherine Roper, Esquire<br>American Civil Liberties Union of PA<br>P.O. Box 40008<br>Philadelphia, PA  19106 | Mary Kohart, Esquire<br>Meredith Nissen, Esquire<br>Drinker Biddle & Reath LLP<br>One Logan Square<br>Philadelphia, PA  19103 |

                           SWEET, STEVENS, KATZ & WILLIAMS LLP

Date: January 17, 2008      By:  /s/ Jonathan P. Riba
                                  Jonathan P. Riba, Esquire, PA88095
                                  331 E. Butler Avenue
                                  Post Office Box 5069
                                  New Britain, Pennsylvania  18901
                                  *t* (215) 345-9111
                                  *ƒ* (215) 348-1147
                                  Attorney for Defendants,
                                  Blue Mountain School District,
                                  Dr. Joyce Romberger and James McGonigle